Good morning. May it please the Court. My name is Tecla Markoski and this is my co-counsel Jim Wilkie and we're working under the supervision of Professor Monica Schertman. We're from the University of Idaho College of Law Legal Aid Clinic and we represent the petitioner in this matter. Appreciate your participation. The central issue in this case, Your Honors, is the IJ's determination that the government has met its burden of proof in ordering Mr. Banda removed under Section 1101A43U for conspiracy to commit an aggravated felony. Mr. Banda requests that this Court reverse and remand with instructions to terminate or, in the alternative, allow him to, again, excuse me, remand with instructions to allow a cancellation of removal application to be considered. I will be focusing on the insufficiency of what the government submitted in this case and Mr. Wilkie will be addressing questions on admissions, exhaustion, and relief. In this case, although the IJ was proper to use the modified categorical analysis, the IJ actually did it wrong. The IJ allowed documents to be considered that should have been left out. The modified categorical analysis was presumably used by the IJ because Arizona's definition of dangerous drugs includes two substances that are not listed in Section 102 of the Federal Controlled Substances Act. This means it's overbroad. The second reason, possibly, although it's unclear from the record, is that Arizona's laws with regard to conspiracy appear to cast a broader net. The federal generic statute for conspiracy requires actual knowledge, whereas the Arizona laws appear to punish inferred knowledge or what somebody should have known. The government, in our case, has, and actually in all removal cases, has an obligation to produce judicially noticeable documentation that, in our case, Mr. Banda was actually convicted or admitted facts that show to a certain degree of certainty that the substances involved were included on the federal schedules and that the conspiracy can be narrowed to generic limits. And what did the IJ look at here? The IJ considered police reports called release questionnaires, a rap sheet, a complaint, and an indictment, as well as a minute entry. Of those documents, the only possible one that was properly in that record of conviction is the minute entry. And the reasons for that are not the indictment. No, sir. The indictment actually charged Mr. Banda with possession of dangerous drugs for sale. But Mr. Banda only admitted and pleaded guilty to conspiracy to possess dangerous drugs for sale. Under Arizona State law, these are two very different crimes and have very different substantive elements. Therefore, there's no way that we can know with a degree of certainty that Shepard requires the facts that Mr. Banda actually admitted in this matter. And what does the indictment itself, it just covered the conspiracy alone or possession, rather, alone? Yes, Your Honor. It didn't cover conspiracy. No, Your Honor. In fact, the complaint and indictment, which are based, they match one another, but one's called a complaint. They are silent on the issue of conspiracy at all. As well, conspiracy only shows up in the minute entry. Arizona law requires that in order to convict somebody of something that's so substantively different than the original charges and the information, you have to have some kind of explicit, formal motion where the defendant actually consents in front of the trial judge that that information is actually going to a completely different actual conviction. So, Your Honor, effectively, we need some kind of explicit tie under both the law of this circuit as well as the law in Arizona to show that the two actually relate. Otherwise, we can't be sure that this actually arises out of the same incident. That was the concern in this Court's case to Cernas-Perez. The second reason, let's see, so the charging documents, we don't have the explicit tie. And the other concern in this case, Your Honors, is that it appears that the minute entry by itself is insufficient because all it shows is Mr. Band's bare plea of guilty to two overbroad statutes, that is, the conspiracy and the dangerous drugs for sale. Counsel, does the State conspiracy and the Federal conspiracy comport with one another, the State statute for conspiracy? Aren't those elements essentially the same? They're very close, Your Honor, but it appears that Arizona's conspiracy law allows inferred intent or what a defendant should have known would have been to effectuate the plant, the conspiracy, the object of the conspiracy, whereas the Federal scheme appears to actually require actual knowledge that what they're doing is in furtherance of the conspiracy. That's sufficient enough to take this out of the ambit of the offense, underlying offense. Now, does the State conspiracy have been an aggravated felon? Yes, Your Honor. Well, in our case, it is. Because the government had to prove unequivocally that either the conspiracy laws in Arizona were a categorical match to the Federal counterparts or that there was something else in the record, like a plea agreement or a plea colloquy, to narrow what Mr. Banda actually pled guilty to to Federal generic limits. And the inferred intent was a distinction, is a distinction with a difference. Yes, Your Honor. Therefore, the minute entry is insufficient, just as I said, because it does not narrow the offense down to generic limits. Therefore, the records that the government produced in this case are insufficient under Shepard and its progeny to remove Mr. Banda as an aggravated felon under Section 1101A43U. Just one question here. I don't have all of these documents before me, but it looks to me like the minute order perhaps incorrectly speaks of conspiracy, but the reality is it cites back to the indictment counts 1, 2, and 4 and saying that he pleaded guilty to that. Under Snellenberger, isn't that sufficient under the modified categorical analysis? Snellenberger would allow a minute entry to be considered. However, the difference between our case and Snellenberger is that on Snellenberger, it was clear on the face of the minute entry itself what the defendant was actually pleading guilty to. It went ahead and narrowed it down to generic limits under Federal law. Our case relates back to counts 3, 4, and what you just said, but there's no explicit tie to what that document actually is. You're saying that the minute order can't incorporate by reference. It can't say relating back, but we see that all the time, you know. We see all kinds of minute orders that refer specifically to an indictment or a complaint or whatever the case may be and refer to pled guilty to counts 1, 2, whatever. Yes, Your Honor, and that's exactly my point, is the idea that the minute order must specifically relate or respond back to those documents, but in our case, it's unclear, and certainty is required in this area, and as the court said in Cisneros-Perez, inferences are not sufficient. Very good. Thank you. We're going to hear from your co-counsel here. Thank you, Your Honors. My name is Jim Wilkie, also on behalf of Petitioner. I'd like to follow up with the supplemental letter recently filed by the government with respect to admissions. There was a new case that came down, Perez-Mejia recently, which said that concessions as to removability under 1227A2BI are binding against the petitioner. The government's characterization of that concession is that the controlled substance relation will actually supply the missing element necessary under 1101A43U as to the controlled substance. In effect, they believe that they don't have to prove up the nature of the controlled substance at issue based on that concession. I would like to clarify that Estiang and Tocatli were also not overruled in that decision and, in fact, were along the same line of cases. So the court made a distinction that in the pleading stage, that is to removability under Section 1227, a petitioner may concede removability, and if the government rests and there's no evidentiary issues addressed following that, that is, no modified categorical analysis applied by the agency or the IJ in these cases, that concession is binding and removability may be entered. That was the exact situation in Perez-Mejia. He conceded removability as to possession of cocaine base. Here, he conceded removability to the statute, Section 1227. There's no controlled substance identified specifically, but that's not really the point. The IJ then proceeded to apply the modified categorical analysis, which, after having done so, the agency reviews that analysis and those findings, and this Court obviously reviews those as well. Now, Tocatli and Estiang established that admissions are not part of this Court's review as to the modified categorical analysis, only the judicially noticeable documentation, plea agreements, plea colloquies, and other analogous forms of documents. I know this is your co-counsel's point, but I gather that you're not objecting to the use of the indictment and the minute order. You're just saying that they are inconsistent. In between them, one of them talks about conspiracy and the other one talks about possession. Is that correct? Yes, Your Honor. You're oversimplifying. Is that correct? Well, I understand your question, as to my co-counsel, about specific incorporation by reference, and we do understand that this happens all the time. Our review of Arizona case law and the specific plea procedures that govern amendments of nonconforming charging documents or preliminary documents to documents that ultimately make up the basis of the plea requires a formal motion by the State and the defendant's consent to that motion to incorporate those documents. Here, the government submitted no evidence as to a formal motion, the defendant's consent, and in fact But if he pleads guilty, whether there's a motion or not, under Schnellenberger, isn't that sufficient? If there's a writing confirming that in this case, I think it was counts 1, 2, and 4, that the petitioner in this case pled guilty to what was alleged in the indictment, i.e., 1, 2, and 4, isn't that sufficient? Your Honor, I would suggest that the petitioner pled guilty to conspiracy to commit And he said that? The government submits that sentencing order of minute entry located at the administrative record at 288. Evidence is a plea of guilty to conspiracy to possess dangerous drugs for sale. What if hypothetically the government or, in this case, the local trial court clerk miswrote the caption and said, pled guilty to conspiracy, but instead referred back to 1, 2, and 4 and maybe don't talk about conspiracy, or I may be mixing up possession and conspiracy, but whichever it was that the indictment charged, if he pled guilty to that, if the local trial court clerk made an error in the caption, does that make any difference? Your Honor, I believe you're asking me to speculate as to whether a mistake by the clerk would  Your Honor, the modified categorical analysis in the reference that you're speaking of demands that the same offenses be referred back to. If it's not the same offenses, that some procedure to amend the preliminary documents Forgive me. I'm just trying to get a clarification. Let's assume that the minute order says that he pled guilty to counseling, whatever the indictment says, but the caption, say, was mislabeled if the counts in 1, 2, and 4 were different. Does it make any difference that there's an error? I'm not saying there is, but if there was an error in the caption, but the minute order accurately refers to what the defendant pled guilty to, is that sufficient? Your Honor, I believe that the error with respect to the offenses, it does make a difference, and the government would have to explain that error. Otherwise, they haven't met their burden of evidence. Would they have to do it at the IJ level, or could they do it on appeal, or how would that get to us? Again, they've submitted on appeal to this Court that, in fact, those were specifically incorporated by reference. We suggest that he didn't plead to those offenses, so the nature of the conviction is not clear and unequivocally demonstrated by the government. Do you want to save some time between the two of you? Yes, Your Honor. Why don't you save a little time, and we'll hear from the government. Thank you. Good morning, Your Honors. May it please the Court. My name is Christina Martin, and I'm here today on behalf of the U.S. Attorney General. This immigration case is, in fact, a relatively straightforward application of presidential case law in the Supreme Court and the Ninth Circuit. First, the Petitioner freely conceded removability through counsel to a conviction for a violation relating to a controlled substance. The Petitioner is bound by this concession. Next, the immigration judge determined that the Petitioner's Arizona conviction for conspiracy to possess dangerous drugs for sale constituted an aggravated felony by examining permissible documents under Shepard and Snellenberger. Because the Petitioner's conviction was a drug trafficking crime of a controlled substance, it's an aggravated felony, as conspiracy to commit an aggravated felony is also an aggravated felony. Is there a counsel? Yes. Is there such a difference between the state law of conspiracy and the federal statute governing conspiracy that is essentially a wash, as counsel for Mr. Vandal Montoya claims, that inferred intent issue? Your Honor, we would argue that the immigration judge doesn't even need to go to inferred intent or the state conspiracy criminal statute because conspiracy to commit an aggravated felony is an aggravated felony according to Kamate v. Holder, and that's a Second Circuit case. This is why the judge only addressed whether or not his crime constituted a drug trafficking crime. And if you're right, we don't even have jurisdiction, do we? Well, Your Honor, you have jurisdiction to determine. I understand that, but ultimately if we determine that he was in fact convictive of this offense, then we have no jurisdiction. Then your review does end there, yes, Your Honor. Counsel, if I could just clarify, as I understand what you're saying, we do have jurisdiction to determine if he was convicted of aggravated felony. But if we do determine that he was, at that point we dismiss? Yes, Your Honor, because whether or not he's removable for the aggravated felony conviction is not under this Court's jurisdiction. I'd like to address some of the arguments set forth by opposing counsel. They discussed, they were talking about how the minute order mentions conspiracy, but the indictment doesn't mention conspiracy. Yet in the indictment, there are two people mentioned. And we would argue that this implies that he would have been aware, Mr. Vandermutho, would have been aware that there could have been a conspiracy charge. In addition, this conviction. Is that the focus of a modified categorical analysis, or isn't it just whether these collateral documents are sufficient to prove there was a guilty plea and he is bound by those? You're correct, Your Honor. Under the modified categorical approach, under Shepard and Snellenberger, the minute order provides us with all the information we need, apart from exactly which drug he was convicted of. And the indictment makes it very clear that that drug was methamphetamines. And it is normally done by, in effect, incorporation by reference, right? It's not spelled out in great detail in the minute orders that we see anyway. Well, Your Honor, in this case, this minute order mentioned counts one, two, and four, as you mentioned. It also mentions the dates that are mentioned on each one of those counts within the indictment. So it clearly is referencing this indictment when it is charging, when Mr. Vandermutho pled guilty to these charges. Additionally, Mr. Vandermutho has had since 2000 — if there was a problem with this judgment, he had since 2006 to launch a collateral attack on his — on the judgment if this was incorrect. And now he's trying to say that this is not correct, that in immigration court he would need to submit, we argue, a quorum nobis or something in the criminal court in order to say basically, I don't agree with this judgment. Another one of the arguments that opposing counsel sets forth is that it's the government's burden to prove that he is removable under the aggravated felony charge. Now, there was two — there was initially only one charge of removability in this case, and that was for conviction of a violation of a law relating to a controlled substance. And Mr. Vandermutho, through counsel, conceded this ground of removability. And so the immigration judge moved on to the next phase, which was to determine whether he was eligible for some sort of relief from removal. And in this case, he asked for cancellation of removal. It's because he was already found removable, the immigration — we don't even need to determine whether DHS met its burden as to the second charge, which was the aggravated felony, to determine if he was removable. The aggravated felony — I guess the only real question I have on this is I'm looking at the complaint-slash-indictment. And, of course, it does not use the word conspiracy, whereas the minute order, which of course is very lengthy compared to most minute orders, goes through it in some real details, refers to the same statutes, Arizona statutes, as recited in the complaint, but captions each one, conspiracy to possess dangerous drugs, rather than a non-conspiracy charge. So I get back to the same question I asked counsel for Mr. Vandermutho. If the clerk of the Arizona Superior Court miscaptions this, does it make any difference, since it does refer back to this specific charging document? Your Honor, we would argue that it doesn't, just because the statutes, all of the statutes that were listed in the indictment are there in the minute order. The only differences were the conspiracy statute and a DNI testing statute. So we argue that even if the caption was incorrect, which we believe it's not, we believe it's correct, that that wouldn't make any difference, any material difference in this case. And you think it's correct because all of the charging document — Jose Loera Laurillano, although not in counts one, two, three, and four, it just talks about Mr. Vandermutho. Interesting question, but it's — you've got to have at least two people that have a conspiracy, so you've got two people at the top, but not on the counts where we're talking about this. Interesting question. Yes. Your Honor, I think that's — I'd like to conclude. Okay. Any other questions? Your Honor, does the Counsel have any more questions? Thank you very much. Just to conclude. Oh, sorry, you said you wanted to conclude. Just to conclude, Your Honor. Because Mr. Vandermutho is removable under the conceded charge and because he has committed an aggravated felony with his conviction for a conspiracy to possess a dangerous drug for sale, and because this dangerous drug — it's clear from looking at the dangerous drugs list in Arizona and those listed under the federal schedules that it is a controlled substance, and because he hasn't requested any other form of relief, we'd ask your Honors to deny his petition for review. Thank you. Thank you. Counsel for Mr. Vandermutho, you've got technically a minute and 15 minutes, so we'll give you two altogether, so you can each have one, if that's what you want to do. I'll give him my minute. Oh, perfect. Okay, there you go. Thank you, Your Honors. I'd like to address a couple points. First of all, the statute's in question, 13-3407, the Arizona Drug Statute. It is overly inclusive and does contain substances that are not prescribed and have never actually been. That's why we get to the modified categorical analysis, isn't it? Yes, Your Honor, but the statutes alone cannot be determinative of the question. I just wanted to remind the Court that. Secondly, the Conte case that's relied upon by the government with respect to the conspiracy issue is actually a federal case where the federal conspiracy statute was the statute at issue. So, of course, that's categorically a match for the federal statute. So, that doesn't actually address the question that we have here. We have found no case that actually addresses whether Arizona's conspiracy statute is a categorical match for the federal one. However, it's the government's burden of proof to show that it is either a categorical match or that the judicially noticeable documentation supply the missing elements, i.e., the modified categorical analysis. None of that has been shown in this case. Would the practical effect of our ruling in your favor be that this drug trafficking offense is not an aggravated felony? Your Honor, this would be a holding, if you ruled in our favor, like Sandoval Lua, where the record of conviction supplied by the government and reviewed by the IJ, we contend an error, is inconclusive. And because it's inconclusive, the government has not met its burden of proof. Now, the interesting question for this Court — And the Petitioner has admitted that he's removable. Yes. And he pleaded guilty to the offense. Your Honor, he's pled guilty to an Arizona offense in conceded removability under Section 1227. But in conceding removability and applying for cancellation and removal, it's very clear that he considers himself not to be an aggravated felon and applies for cancellation and removal, which would say that he is not removable under Section 1101A43U. That's the statute at issue here. Now, we realize the Court's faced with an interesting choice because if the record of conviction is inconclusive, as to the aggravated felony and removability alone, the Court must determine whether a remand is available for determination of 1222 or whether proceedings should be terminated altogether. We submit that's in the Court's discretion. Very good. We thank you. We especially thank our student lawyers here. You've done a fine job. And the case of Banda Montoya v. Holder is submitted. Thank you. Judge Smith? Yes. Do you think we could take a recess? Indeed we can. Before the last two arguments. Very well. The Court will stand and recess. You need five minutes, Judge Gould? Maybe ten minutes. Ten minutes. We'll stand and recess for ten minutes then. All rise.
judges: Marbley, Gould, Smith M.